JUNE TERM
1837.

Boynton v. Curle.

———◦❋◦———

## BOYNTON v. CURLE.

*Horse racing* is gaming within the meaning of our statute to "restrain gaming;" (Rev. Co. of '35, p. 290)—consequently, a note given to secure a forfeiture for failing to run, is void.

APPEAL from St. Louis circuit court.

*Hamilton,* attorney for defendant in error:

1st. As at common law all games were lawful, if this contract be void, it must be made so by statute. But by our statute, which is substantially a transcript of that of 9th Anne, C. 14—horse racing is not prohibited or noticed—R. L. 409.

2nd. Although in England considered to be gaming within the statute of 9th Anne, it is only construed to be such by the aid of 16 Car. 2, ch. 7, to which the statute of Anne relates, and as included under the general words, "other game or games,"—horse racing being expressly mentioned in the statute of Car. 2, and there called gaming. But if horse racing should be considered gaming within our statute, this is not an agreement in contravention thereof, not being for money won by gaming, &c.

3rd. According to the genius and spirit of our laws, as well as upon the grounds of public policy, horse racing is legal, and should be countenanced, and is in no wise prohibited by statute, except when it takes place on the Sabbath—R. L. 311.

Statement of the case and opinion of the court, delivered by TOMPKINS, Judge.

Curle brought his action against the defendant, Boynton and others, in the circuit court of St. Louis. The summons being served on Boynton, he pleaded that, before making the promissory note sued on, it was agreed between the plaintiff and the defendants, to run a horse race for one thousand dollars; and that the promissory note for five hundred dollars sued on, was to be a forfeiture on the part of the defendants, if they failed in causing the race to be run on their part, according to agreement.

To this plea the plaintiff replied, that the defendant failed to cause the race to be run on his part, according to the agreement. To this replication, the defendant demurred, and his demurrer was overruled; because, probably his plea was considered bad. The defendant filed two other pleas, on which issues of fact were found for the plaintiff. The plea first above mentioned, being to the whole cause of action, the judgment of the circuit court on the issues made on the two other pleas, must abide the decision of this court on the demurrer. Nothing is seen in this case to vary it from that of Shropshire against Glascock et al., decided by this court at the April term of this year, for the second judicial district. In that case, it was decided that the instrument of writing sued on, being made to secure a forfeiture for not causing a horse race to be run, was void: being after argument, still of opinion that the first case was well decided—it is my opinion that the judgment of the circuit court ought to be reversed; and the president of the court concurring in that opinion, it is accordingly reversed.

McGIRK, Judge. I concur in the foregoing opinion.