### CATO (a man of color,) v. HUTSON.

1. The plaintiff's name in the declaration was written "Hudson," and in the writ "Hutson." Variance held immaterial.
2. In an action to recover money won at gaming, under the provisions of the act to restrain gaming, the defendant will not be permitted to give in evidence, under the general issue, matter of defence arising subsequent to the filing of the plea.
3. If the bet was made in the name of the plaintiff, the fact that others were interested with him in the bet, does not make it necessary that they should join in the suit.
4. Where a bet was made with defendant's agent, who did not disclose the fact that he was acting as agent at the time of making the bet, the action to recover the money lost was properly brought against the defendant.

Error from the Circuit Court of Cole county.

### Hayden for Plaintiff.

1st. The court erred in not sustaining the defendant's motion to quash the original writ.

2d. The court erred in not permitting the defendant to prove that the matter of difference involved in the suit had been decided and settled by the arbitrators selected by the parties, as proposed to be proved by defendant.

3d. The court erred in refusing to give the several instructions to the jury as asked for by defendant.

4th. The court erred in giving the instructions which it did give to the jury.

5th. The court erred in overruling the defendant's motion for a new trial.

### Miller for Defendant.

1st. The court very properly overruled the defendant's motion to quash and dismiss the writ. See 1st vol. Tidd. 687; Chitty's Pleadings, p. 279, and 282. 3 Cain's Rep. 219; King v. Shakspeare, 10 East, 83. The misspelling of the two names is not material, as they are of the same sound.

2d. The court very properly sustained plaintiff's objection to the introduction of proof of any arbitration or settlement between the parties after defendant had pleaded and issue joined. See 2 Tidd, p. 900, and notes; 7 Johnson, 194; Jackson on Demise: Calden v. Rich, 2 Espenass Rep. 504, after plea and issue joined, matter of defence arising subsequently, must be pleaded, and cannot be given in evidence, unless so pleaded. 1 Chitty, 697.

3d. The court very properly overruled the motion to instruct the jury as asked for by defendant, and did not err in instructions given. See 3 Starkie, 1046, and notes. The bill of exceptions does not show that there was no other proof. Foster and Foster v. Nowlin, 4 vol. Mo. Rep. p. 18. Parol proof of the agency of Yount is admissible, and the bet was made by Yount, as agent; principal may sue. See 11 Johnson, Vescher v. Yates, p. 23. Any agreement be-

tween plaintiff and others after bet made, as to a participation in the bet, will not prevent plaintiff from recovery. See 13 Johnson, p. 88.

4th. That the court very properly overruled defendant's motion for a new trial.

*Opinion of the Court by Tompkins, Judge.*

Hutson sued Cato in the Circuit Court, where he obtained a judgment against him, to reverse which Cato comes into this court.

It appears on the record, that on the return of the writ the defendant below moved the court to quash the same, because in the declaration the plaintiff called himself Hudson, whereas the writ required the defendant to answer Hutson. This motion was overruled, and the defendant pleaded and went to trial.

The plaintiff in the Circuit Court gave oral testimony conducing to prove that he had made a bet of three hundred and fifty dollars with one Yount, on a horse race. He also gave evidence to prove that Yount made the bet with the plaintiff for and on behalf of Cato, the defendant, in the name of him the said Yount.

It was also proved that about three weeks after the making of the wager by Hutson with Yount, that he admitted, as associates, two men, to wit, one Taylor and one Anderson, who deposited their respective portions with the stakeholder, but there was no communication on the subject betwixt Yount and these associates of Hutson. The stakeholder testified, that Hutson and Yount placed in his hands an instrument of writing in these words: "Memorandum of a race to be run on the Marion track, on the 13th day of May next, in Cole county, Missouri, is this, that Joseph Yount agrees to run Cato's sorrel mare against Issac Hutson's bay horse, for the sum of three hundred and fifty dollars, and there is now in the hands of John Scruggs fifty dollars aside, for a forfeit, &c. Given under our hands, &c. this 11th March, 1837." Signed by Isaac Hutson and Jo-

seph Yount. It was proved that the race was won by
Yount, and that the stakeholder, by Yount's direction, paid
over to Cato the sum of money put into his hands by Hut-
son and his partners.

The plaintiff in error, defendant in the circuit court, of-
fered to prove that since the filing of the plea in this cause
the whole matter was submitted to arbitration, and that the
arbitrators made their award in favor of the plaintiff in
error. The court excluded this evidence, and the defendant
excepted. The defendant then prayed the court to give
the following instructions, viz:

1st. If they believed that the said Taylor, Anderson, and
Hutson, agreed to join their funds together, and that the
same should be bet by the plaintiff for them, with the de-
fendant, and that the said plaintiff did bet the same accord-
ingly, and that the same was won by the said defendant and
received by him, that then the action should have been
brought by the said Anderson, Taylor, and Hutson, jointly,
for the money so won, and that the plaintiff could not reco-
ver in the present action.

2nd. If they believed that the bet was made by the plain-
tiff and Yount, and won by Yount, yet although the money
might have been paid over to the defendant, the plaintiff
could not maintain his action against Cato, the defendant,
for such money, but must seek redress against Yount, with
whom the bet was made.

3d. That the jury ought to disregard all parol evidence
given in the case as to the person with whom the plaintiff
made the bet, and be governed, as to their finding, by the
bond made by Hutson and Yount, and which had been read
to them.

4th. If they believed that the plaintiff bet but one hun-
dred and twenty-five dollars, then he had no right to reco-
ver more than that sum.

The circuit court refused to give these instructions, and
gave the following, viz:

1st. If they believed that the plaintiff made the bet of
three hundred and fifty dollars with the defendant, and after
having made the bet, the said Taylor and Anderson agreed
15

with him to become associated with him, there being no communication between Cato and the said Taylor and Anderson, and advanced to the stakeholder, Scruggs, the said Taylor, one hundred dollars, and the said Anderson, one hundred and twenty-five dollars, part and parcel of the said sum of three hundred and fifty dollars, that then the plaintiff had a right to recover of the defendant the whole sum of three hundred and fifty dollars.

2d. If they believe that the said Yount made the said bet for Cato, and was the agent of Cato in making the same, although it was made in the name of Yount, it was the bet of Cato, and they ought to find accordingly.

The defendant excepted to the several opinions of the circuit court, both in the refusing the instructions asked, and in giving those not asked by him. The defendant then moved for a new trial, because,

1st. The court rejected the evidence offered by the defendant of the settlement of the matter litigated by arbitration.

2d. The court misinstructed the jury as to the law of the case.

3d. The jury found a verdict contrary to the law and evidence.

It is assigned for error,

1st. That the circuit court refused to quash the writ in this cause on the defendant's motion.

2d. That the court refused to permit the defendant to prove that the matters in litigation had been settled by arbitration.

3d. That the court erred in refusing to give the several instructions asked, and also in giving those not asked by the defendant.

The plaintiff in error insists in his argument on each of the matters assigned for error.

The first is that the court committed error in refusing to quash the writ, because the plaintiff's name in the declaration was written *Hudson*, and in the writ *Hutson*. It is by no means necessary to be here decided what is the correct manner of pronouncing these two letters, in which the name

*The plaintiff's name in the declaration was written 'Hudson,' and in the writ 'Hutson.'*

of the plaintiff, as it appears in the declaration first, and in the writ secondly, appears to differ. It suffices for the purpose of deciding this point according to the rules of law, that the popular pronunciation of the two letters, which constitute the alleged difference or variance between the declaration and writ, is, in the word whether written *Hutson* or *Hudson*, precisely the same, the word being generally pronounced Hutson. It is thought then that the circuit court committed no error in overruling the motion to quash the writ.

AUGUST TERM, 1841.

Cato v. Hutson.

Variance hold immaterial.

2d. It is urged in the second place that the court ought to have permitted the plaintiff to prove that after the filing the plea (which was the general issue) that the whole matter in litigation had been submitted to arbitration, and that the award was in favor of the plaintiff in error, defendant in the circuit court.

To sustain this point, the plaintiff in error relies on the 5th section of the act of 14th March, 1835, to restrain gaming, page 291 of the digest of 1835.

This section is in these words, viz: Any matter of defence under this act, may be specially pleaded, or given in evidence under the general issue. Most certainly the legislature have not in this act declared that differences arising between gamblers, of the several orders in the community, may be submitted to arbitration, and that the award of the arbitrators shall be obligatory on the parties; and if such had been the declaration of the legislature, the award should have been pleaded as made since the last continuance of the cause. The circuit court then it seems to me committed no error here.

In an action to recover money won at gaming, under the provisions of the act to restrain gaming, the defendant will not be permitted to give in evidence under the general issue, matter of defence arising subsequent to the filing of the plea.

3d. It is to be observed in the third place that it no where appears in evidence that either Anderson or Taylor who agreed to become associated with Hutson in the bet which he had made with Yount, had any communication either with Yount or with Cato, the alleged principal of Yount, on the subject of the wager. It does not appear then that the plaintiff in error can with any propriety complain that they were not co-plaintiffs in the action along with Hutson. The words of the act which give the remedy are very compre-

hensive. "Any person who shall lose any money at any game or gambling devise, may recover the same by action of debt." It might perhaps be correctly decided that, had they elected to sue each in his own name, for the money respectively deposited with the stakeholder, each might have maintained his action for his respective share; but they not having done this, seem tacitly to admit the right of Hutson to sue and recover. And it appears that a recovery under these circumstances by Hutson would be a bar to any recovery by them or either of them. It seems then that the circuit court committed no error in deciding that Hutson alone might maintain the action for the whole sum deposited with the stakeholder. It remains then only to be enquired under this head whether Cato or Yount ought to have been sued by Hutson.

　　Had the contract or bet been one which is recognised as lawful, or not contrary to the general policy of the law, the suit should, after the money was paid over to Cato by Yount, or by his order, have been brought against Cato, into whose hands the money had been transferred; and to me it appears that there can be no manner of impropriety in suing him on this contract, inasmuch as he whose agent in the affair Yount was, cannot be regarded as less an offender against the law of the land than Yount, who for him made the bet. Yount, had he been sued instead of Cato, might not perhaps have been thought worthy of the favor extended by the courts to an agent in a lawful transaction who had paid over the money to his principal without notice of the plaintiff's intention to sue for money paid by him. But as Cato has been sued by the plaintiff, and especially as he has received the money, there seems to be no reason why the plaintiff below should not maintain his action against him. But it was contended in the argument of the cause that the agreement to run this race being by writing, under the seal of the parties, a covenant, that no parol evidence could be resorted to in order to prove that Cato, and not Yount, was the principal in the contract. This seems not to be the law. In 3 Starkie, p. 1045, it is said that evidence is admissible to prove that a deed was executed, or a bill of exchange made

AUGUST TERM, 1841.

Cato v. Hutson.

If the bet was made in the name of the plaintiff, the fact that others were interested with him in the bet, does not make it necessary that they should join in the suit.

Where a bet was made with defendant's agent, who did not disclose the fact that he was acting as agent at the time of making the bet, the action to recover the money lost was properly brought against the defendant.

at a time different from the date, or that a party in whose name a contract for the sale of goods was made, was but the agent of another. This is an action given to recover money won at gaming, and in its character is penal; and therefore the defendant, who is supposed to have been acting contrary to the policy of the law, would not be more favored than another principal whose agent had made a contract for him, the subject matter of which it was not contrary to the policy of the law to contract about. In this, then, as it appears to me, the circuit court has committed no error.

Being then of opinion that the court gave no erroneous instructions and refused none that ought to have been given, the motion for a new trial (the overruling of which was also assigned for error,) which grew out of the refusal of the court to give some instructions, was also in my opinion over-ruled correctly.

For the reasons above given, the judgment of the circuit court ought in my opinion to be affirmed. And a majority of the court being of that opinion, it is affirmed.