THE STATE, Defendant in Error, v. HAYDEN, Plaintiff in Error.

1. A horse race is not a gambling device within the meaning of the seventeenth section of the eighth article of the act concerning crimes and punishments. (R. C. 1855, p. 627, § 17.)

*Error to Monroe Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Carr & Pindall*, for plaintiff in error.

I. The court erred in overruling the motions to quash and in arrest. A horse race is not a gambling device.

NAPTON, Judge, delivered the opinion of the court.

This is an indictment charging the defendant in the betting one dollar "upon a certain gambling device, commonly called a horse race."

The sixteenth, seventeenth and eighteenth sections of the eighth article of our act concerning crimes and punishments contain the provisions under which this indictment was drawn, and by which it must be sustained, if it can be sustained at all. These sections prohibit setting up or keeping certain gambling devices described, some of which are enu-

merated—as "A. B. C., faro bank, equality," &c.—and pro-
hibit betting upon them and upon games played at or by
means of these devices. It is a great perversion of language
to call a horse race a gambling device. If the legislature
desire to prohibit horse races it is easy for them to say so in
plain terms. No one would even suppose that penalties in-
flicted upon keepers of faro banks, and tables, and such like
gaming devices, were intended to apply to horse races, or foot
races, or boat races. A criminal code can not be so loosely
interpreted. Besides, there are provisions against horse
racing on Sunday (§ 35), and in public roads and highways,
(§ 54 and 55,) which show that the attention of the legisla-
ture was directed to the subject.

The decision of this court in the case of Shropshire v.
Glascock Garner, 4 Mo. 536, that horse racing was a game
within the meaning of our statute concerning gaming, is not
applicable.

Judgment reversed. The other judges concur.