Long et al. v. Towl.

WILLIAM LONG and JAMES LONG, Plaintiffs in Error, v. GEORGE TOWL, Defendant in Error.

1. *Contracts in restraint of trade, when void.*—A contract prohibiting one of the parties from carrying on any specific trade or business, having no reasonable limitations as to time or place, is void. The prohibition which extends any further than will fully protect the party for whose benefit the contract is made, in his occupation or business, is an unreasonable restraint of trade, and will render the contract void. But a contract which does not prohibit the defendant from carrying on the business designated at any place he may choose, but only limits the manner of carrying it on, by fixing the prices at which he may buy and sell, and the persons to whom he may sell, is not a restriction of trade according to any proper construction of the rule.

2. *Contracts — Consideration — Dismissal of Suits.*—The dismissal of suits palpably unjust forms no adequate consideration for a promise.

3. *Contracts — Bonds — Measure of Damages — Penalties.*—Defendant agreed with plaintiffs not to pay for ore taken from plaintiffs' land or elsewhere more than plaintiffs were paying, and to sell all ore purchased by him to plaintiffs, for which he was to receive four dollars per thousand pounds more than plaintiffs were then paying to the miners on their own land; and bound himself in a certain sum, "as liquidated damages," to be paid in case of a violation of or failure to perform any of such stipulations. Such a sum was held to be a penalty. Where an agreement secures the performaance or omission of various acts, which are not measurable by any exact pecuniary standard, together with one or more acts in respect to which the damages on a breach of contract are readily ascertainable by a jury, and there is a sum stipulated as damages for a breach of any one of the covenants, such sum is held to be a penalty merely. (Basye v. Ambrose, 28 Mo. 39, cited and affirmed.)

*Error to Second District Court.*

*Perryman & Dining*, and *Garesche & Mead*, with *Wingo & Rolfe*, for plaintiffs in error.

I. The dismissal of the suit was a sufficient consideration. (Mullanphy v. Reilly, 10 Mo. 489; Livingston v. Dugan, 20 Mo. 102; Stephens v. Spiers, 25 Mo. 390.)

II. Restraint of trade where limited, not general, is legal. (1 Story on Cont. § 552; Chitty on Cont. 520; 2 Pars. on Cont. 751, note *a*; Billings v. Ames, 32 Mo. 273.) As the proprietors of mines take so much toll by way of payment for the ore dug on their lands, the provisions of the contract as to the ore dug from plaintiffs' land were but a fair protection to them, and therefore legal. If valid in part, then the contract must be upheld. (Smith on Cont. p. 212, § 130, note *a*; Presbury v. Bennett, 18 Mo. 51.)

III. The five hundred dollars damages are stipulated damages. (Slosson v. Beadle, 7 Johns. 72; Hasbrouck v. Tappen, 15 Johns. 200; Grey v. Crosby, 18 Johns. 219; 2 Story's Eq. Jur. § 1318; Sedg. on Dam., 3d ed., § 421, pp. 441–2; Hammer v. Breidenbach, 31 Mo. 52.)

*Van Allen*, for defendant in error.

I. The consideration for making said contract, as stated in the petition — to-wit: " that plaintiffs would dismiss the said several suits " — not being set out as founded on any just claims, is not shown to be a valuable one.

II. The facts stated in the petition are not sufficient to constitute a cause of action, as they show a void contract — one by which an attempt is made to create a monopoly in restraint of trade, contrary to public policy. The plaintiffs in their petition aver that defendant in said contract bound himself not to " pay for mineral or lead ore dug or taken from the lands under the control and in the possession of plaintiffs, more or greater sum or price for the same than the plaintiffs should be at that time paying for mineral or lead ore ;" and again, the defendant further agreed

that from and after the date of said contract he would not " pay any more or greater price for mineral or lead ore which he might buy than the plaintiffs are or should be paying for the same "— which mineral they aver he agreed to sell again to plaintiffs, they agreeing to pay him four dollars per thousand pounds more than they were paying miners and others. There is no limit as to the time or place of the prohibition. There is no limit as to price to be paid; that is, he shall pay " four dollars per thousand pounds" less than its value, and plaintiffs are to fix the market value to others, and pay Towl four dollars more than they pay to miners or others.

III. The object the plaintiffs had in view was to bring down and control the price of lead ore in that market. The reduction of the price of lead ore in the mining districts of this State by a monopoly such as was here attempted is a matter of public concern. Competition is the life of trade; whatever destroys or even relaxes competition in the trade is injurious if not fatal to it. (Chitty on Cont., 8th ed., pp. 576–7; Story on Cont. p. 579, §§ 550, 554; People v. Fisher, 14 Wend. 9; Chappel v. Brockway, 21 Wend. 158–165; Noble v. Boles, 7 Cowen, 307.) The law will tolerate no contract which, upon its face, goes to prevent an individual, for any time, however short, from rendering his services to the public in any employment he may choose, nor tolerate a contract which deprives any section of the country of the accommodations he might furnish. (Lawrence v. Kidder, 10 Barb. 641; Hooker v. Vandewater, 4 Denio, 349; Stanton v. Allen, 5 Denio, 434.) All contracts and agreements which have for their object anything repugnant to justice, or against the general policy of the common law, or contrary to the provisions of any statute, are void; and whenever a contract or agreement is entered into with a view to contravene any of these general principles, there is no form of words, however artfully introduced or written, which can prevent courts of law and equity from investigating the truth of the transactions. (1 Story's Eq. 296; 4 Hill, 424; 4 N. Y. 449; 7 N. Y. 176; 16 Johns. 486; 40 Mo. 532.) In the case of Presbury v. Fisher et al., 18 Mo. 50, the court says that " where the condition of a bond is entire, and the

whole be against law, it is void;" but adds, "where the conditions consist of several different parts, and some of them are lawful and others not, it is good for so much as is lawful and void for the rest." In this case Long's claim upon the bond was an entirety, and it is not for the court to analyze that which the parties claim upon as a whole. There is no allegation in the petition of special damages. None could be given, as the five hundred dollars, claimed as a penalty, is not the measure of damages, and could not be recovered. (Story on Cont. p. 1125, § 1020; 2 Greenl. Ev. p. 265, § 258; 8 Mo. 467; Basye v. Ambrose, 28 Mo. 39; Hammer v. Breidenbach, 31 Mo. 49.)

BAKER, Judge, delivered the opinion of the court.

Previous to the execution of the instrument on which this suit was brought, the plaintiffs were in possession of a tract of mineral land in Washington county, from which a number of miners were engaged in taking lead ore under an agreement to sell the ore to the plaintiffs. In violation of their agreement, some of the miners sold ore taken from the plaintiffs' land to the defendant. The plaintiffs instituted several suits before a justice of the peace against the defendant for purchasing ore thus taken from their land, which were pending when the agreement sued on was entered into. By this instrument the plaintiffs agreed to dismiss these suits. The defendant agreed on his part that he would not pay for ore he might thereafter purchase, taken from the plaintiffs' land, a greater price than they were paying for such ore, and that he would not pay a greater price for ore taken from other lands than they were paying for ore taken from their own. He also agreed to sell the plaintiffs all ore thereafter purchased by him, for which he was to receive four dollars per thousand pounds more than they were paying at the time to the miners on their own land. The defendant further "binds himself, his heirs, executors, and administrators, firmly by these presents, in the sum of five hundred dollars lawful money, liquidated damages; which said sum the said George Towl agrées and binds himself to pay to the said party of the second part, to be collected in any court of competent jurisdiction, upon the violation of any of the stipu-

Long et al. v. Towl.

lations or conditions of this agreement, or upon his failure to perform the same."

Two breaches of the conditions of the agreement are assigned in the petition. One is, that the defendant purchased 6,000 pounds of ore at two dollars per thousand more than the plaintiffs were paying. The other is, that he purchased 25,400 pounds, which he refused to sell to them.

It is urged that the contract is in restraint of trade and against public policy, and is therefore void; that it is void for want of sufficient consideration; and that the sum of five hundred dollars mentioned in it is a penalty, and not liquidated damages.

A contract prohibiting one of the parties from carrying on any specific trade or business, without limit as to time or place, is doubtless void; such contracts, to be binding, must have reasonable limitations as to the place. What would be reasonable limitations must greatly depend on the circumstances of each case. It must appear that such contract imposes no restraint upon one party that is not beneficial to the other. The prohibition should not extend any further than will fully protect the party 'for whose benefit the contract is made in his occupation or business. If the prohibition extends beyond this, it is an unreasonable restraint of trade, and will render the contract void. (21 Wend. 158; 19 Pick. 51; 7 Blackf. 344; 10 Barb. 641; Story on Cont. § 552.)

Does the contract under consideration come within the rule above prescribed? It does not prohibit the defendant from carrying on the business designated at any place he may choose. It only limits the manner by fixing the prices at which he may buy and sell, and the persons to whom he may sell. It is not a restriction of trade according to any proper construction of the rule. This principle of law had its origin in the apprentice system of England, where an apprenticeship was required before engaging in any trade or business. No satisfactory reason has been found for its existence in this country, where no such system prevails; and although it has been too long acquiesced in here to be now disturbed, we are unwilling to extend it to cases not clearly within its provisions and sanctioned by precedents. Under this view of

the case, we think that the contract is not void for being in restraint of trade. There is no question but that the suits instituted before the justice were without foundation, and that the plaintiffs had not even a color of right to recover. To make the settlement of assumed rights a sufficient consideration for a promise, there must be at least an appearance of right sufficient to raise a possible doubt in favor of the party asserting the claim. The ore purchased by the defendant, for which the suits were brought, was evidently the property of the parties selling it, and, if they sold it in violation of their contracts with the plaintiffs, they must look to them for redress. The plaintiffs, having clearly no just claim against the defendant, had no right to sue him, and can derive no advantage from having done so. The dismissal of suits so palpably unjust forms no adequate consideration for a promise. (13 Pick. 284 ; 5 Pet. 114 ; 21 Penn. 237 ; 2 Moore, 297 ; 14 Conn. 12 ; 4 Met. 270.)

In the case of Basye v. Ambrose, 28 Mo. 39, the court says that "where the agreement secures the performance or omission of various acts which are not measurable by any exact pecuniary standard, together with one or more acts in respect to which the damages on a breach of contract are readily ascertainable by a jury, and there is a sum stipulated as damages for a breach of any one of the covenants, such sum is held to be a penalty merely."

The authority is clearly in point in the question we are now considering. The sum sued for is to be treated as a penalty, and not liquidated damages.

The judgment of the court below is affirmed. The other judges concur.