STATE OF MISSOURI, Appellant, *v.* JAMES McD. LEMON,
Respondent.

1. *Crimes and punishments — Horse-race not gambling device.* — A horse-race
is not a gambling device within the meaning of the act concerning crimes and
punishments (Wagn. Stat. 502, §§ 17, 18). (State v. Hayden, 31 Mo. 35,
affirmed.)

## *Appeal from Fifth District Court.*

*H. B. Johnson,* for appellant, contended that certain legisla-
tion intended for the suppression of horse-racing, by rendering
all debts incurred by betting thereon not collectable, might amount
to such a constructive prohibition as would render the act punish-
able by indictment. (2 Bish. Crim. Law, § 591; State v.
Posey, 1 Humph. 384; Huff v. The State, 2 Swan, 279; Meyers
v. State, 3 Snead, 98.)

No counsel appeared for respondent.

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted in the Circuit Court of Caldwell
county for betting money "upon a game then and there played
by means of a gambling device called a horse-race, which was
then and there adopted, devised, and designed for the purpose of
playing games of chance, for money and property, against the
form of the statute," etc.

On motion, the indictment was quashed, and the State appealed.
This is an attempt to bring horse-racing within the provisions of
the statute against gaming. (1 Wagn. Stat. 502, §§ 16–18.)

The question has been heretofore conclusively settled, and is
no longer open to controversy. In the case of The State v.
Hayden, 31 Mo. 35, it was expressly adjudged that a horse-race
was not a gambling device within the meaning of the act concern-
ing crimes and punishments.

Judgment affirmed. The other judges concur.