Hudson et al. v. Busby.

BENJAMIN F. HUDSON *et al.*, Respondents, *v.* JOHN BUSBY, Appellant.

48    35
74a 256

48    35
a83a 416

48    35
93a  193

1. *Bills and notes — Consideration, sufficiency of.* —Where a promissory note is made in consideration of the assignment, by the payee to the maker, of a contract, and the maker of the note derived under such assignment all the advantages which could flow from a valid and operative assignment, the consideration is sufficient for the note, although the assignor may have had no assignable interest in the contract so as legally to be able to transfer the same.

*Appeal from St. Louis Circuit Court.*

*Davis, Bowman & Smith*, for appellant.

I. The plaintiff could not assign the contract without the consent of the city by ordinance. (City Ordinance 423, art. IX.)

II. This ordinance (No. 6016) confers an exclusive privilege upon McChestney & Co. This privilege and duty is in the nature of a license, and, as such, is not assignable without the consent of the licensor. The license is founded on personal trust, and, like every other license, is not assignable.

*Hendershott & Chandler*, for respondents.

I. The court, in passing upon the motion for judgment notwithstanding the answer, as appears by the record, treated the same as a motion to strike out the whole of the answer, and so ordered, with leave for defendant to file an amended answer within ten days.

II. The answer contains no legal defense to plaintiffs' cause of action.

CURRIER, Judge, delivered the opinion of the court.

The plaintiffs sue upon a promissory note drawn by the defendant, the execution of which is admitted. The defense set up is that the note was without consideration. The amended answer shows that the note was executed in consideration of the surrender by the plaintiffs of certain other notes held by them against the defendant and a third party. A state of facts is then alleged which is supposed to result in the conclusion that the surrendered notes were executed upon no valid consideration.

The surrendered notes are alleged to have been given as a consideration for the assignment of a certain contract which provided for the removal of dead animals from the limits of the city of St. Louis. The contract was originally executed under the authority of an ordinance amendatory of city ordinance No. 5433. It is alleged that the assignors had no " assignable interest in the contract so as legally to transfer the same, or to vest any interest, right or title in the same in the assignee." It does not follow from this that the assignee failed to derive from the contract all the practical advantages which could flow from an assignment which should have been in all respects legally operative and effective. Indeed, this is neither alleged nor pretended. It is not, therefore, shown that the surrendered notes were without consideration. The consideration of a note " may be either a gain or a benefit of any kind to him who makes the promise, or a loss or injury of any kind suffered by him to whom it is made." (1 Pars. Notes, 175, § 1.)

The defendant seeks to avoid liability upon his own note because of the supposed defect of consideration in certain other notes executed between other parties; and even the supposed defect of consideration in the original notes is not shown. The answer makes no defense.

I fail to perceive that the alleged proceedings in the St. Louis Court of Criminal Correction, or the alleged subsequent repeal of the ordinance in question, bears upon the present inquiry. The plaintiffs moved for judgment notwithstanding the answer. The court, however, treating the application as a motion to strike out the answer, sustained it and allowed the defendant ten days in which to file an amended answer. No further answer being filed, the petition was in due time taken as confessed, and final judgment was entered up for the plaintiffs, from which the defendant appealed.

No injury resulted to the defendant from the form of the motion, and, as the answer contained no defense, I think the judgment should be affirmed. The other judges concur.