## HUMPHREYS vs. MAGEE.

13   435
48a 325
13   435
132  154

1. Where a person deposits money with a stakeholder to be held to abide the result of a horse race, he may institute a common law action and recover the same at any time before the bet has been determined; such recovery may be had without reference to any provision in the act concerning gaming.

2. If the bet was made in the name of the plaintiff, the fact that others were interested with him in the bet, does not make it necessary that they should join in the suit.

## APPEAL from Macon Circuit Court.

13   435
e98a 1705

### STATEMENT OF THE CASE.

This action was commenced before a justice of the peace by Magee, plaintiff, vs. Humphreys, defendant, on the second day of December, 1847, for the sum of $66 66, for so much money placed in the hands of Humphreys by Magee, as a stakeholder, to be held to abide the result of a horse race then about to be run by said Magee and one John Cane. On the trial before the justice of the peace, Magee obtained judgment for $46 66. From this judgment Humphreys appealed to the circuit court. On the trial in the circuit court, it appears by the evidence preserved in the bill of exceptions, that in the month of January, 1847, a horse race was made by Magee and Cane, and that Magee had placed in the hands of Humphreys, as stakeholder, the amount stated in his claim; it also appears that the race was run in the month of January, 1847. The preliminaries were managed in the usual manner, each of the parties choosing two judges. After the race the judges met but were unable to agree upon any decision, and thereupon Humphreys, acting upon the separate opinions of the judges, delivered over to Cane, as the winning party, the amount placed in his hands as stakeholder. It also appeared in evidence, that on the 19th day January, 1847, the day after the race was run, Magee demanded of Humphreys the amount placed in his hands as stakeholder.

The defendant, in the circuit court, proved that J. Jones was a partner with Magee in the bet—had $15 in the stake; also that P. M. Stary was another partner and had $22 in the stake. The plaintiff offered to read the record and proceedings of a former trial in this cause between the same parties, which was objected to by defendant and admitted by the court.

The court, on motion of the plaintiff, instructed the jury as follows:

1. If the jury find from the evidence, that the plaintiff placed in the hands of the defendant money to be held by defendant, as stakeholder, on a bet on a horse race, and that the plaintiff demanded of the defendant said money before the commencement of this suit, they will find for the plaintiff said sum of money, unless they find that said defendant had paid said sum of money to the other party in the bet after said bet was determined by the judges of said race or by the parties to the bet.

2. That if the bet was made in the name of the plaintiff, and he was the only party known to the stakeholder and person with whom the race was made, he may recover in this suit, notwithstanding other persons may have been privately interested with him in said bet, and the money put with defendant.

3. If the jury find from the evidence in this cause, that the plaintiff placed in the hands o the defendant money to hold as a stakeholder, on a horse race, made between the plaintiff, and that the plaintiff demanded the return of said money before the commencement of this suit, they will find for the plaintiff, if they find said race has not been determined.

The defendant then moved the court to instruct the jury as follows, all of which were refused:

"1. If the jury believe from the evidence, that one J. White was a partner in the bet at the time it was made, and interested therein, they will find for defendant."

"2. If the jury believe from the evidence, that the separate opinions of the judges of the race run by the parties amounted to a decision, they will find for the defendant."

"3. That unless the jury believe from the evidence that the action was commenced within three months from the time the right of action accrued, they will find for defendant."

"4. That if the jury find for the plaintiff, they can only find such sum as was actually bet by himself excluding the sums put up by White and Stary."

"5. If the jury believe from the evidence in this cause that the plaintiff and Cane put up the money in the hands of defendant as a bet on a horse race, upon condition that defendant should hold the money in his hands till the race was decided, unless they believe the race was decided before the commencement of this suit, they must find for defendant."

The plaintiff had judgment for $66 66, from which defendant appealed to this court.

WILSON, for appellant.

1. The court erred in giving plaintiff's instructions.
2. The court erred in refusing to give defendant's instructions.
3. The court ought to have set aside the verdict and granted a new trial.
4. The record of a former trial, as presented, was not legal evidence in the cause.

NAPTON, J., delivered the opinion of the court.

This was an action brought against a stakeholder to recover money paid over by him before the determination of the bet.

No reliance seems to be placed upon any of the points made at the trial, except two. The first was that the suit was barred by lapse of time—our statute relative to gaming requiring suits under that act to be brought within three months from the time when the cause of action accrued. The second point raised was by an instruction, that the plaintiff could not recover if others were partners with him in the bet, and at all events, could only recover so much as belonged to him individually. This instruction was refused.

If the action had been under the statute, the first objection must have been fatal. But we look upon the action as a common law one. It was not brought to recover back money *won* at gaming, nor was it based upon any provision of our act. It was founded on a common law right, to withdraw a sum of money bet, before the bet was determined. In this case, the court left it to the jury to say, whether the bet was determined or not. The bet was upon a horse race, and the judges of the race could not agree. Nevertheless the defendant, who was a stakeholder, paid over the bet upon some exparte opinion of the judges, after they had publicly announced their disagreement as to the result. The jury found for the plaintiff. The verdict, under the instructions, must be considered as a finding of the fact that the bet was

never determined, and therefore the money handed to the stakeholder was, upon common law principles, so much money received to the use of the plaintiff. Such money may be recovered without any reference to any provision of our act concerning gaming, and such was the instruction of the court which tried this case.

In relation to the point which was raised by the defendant's instruction, that a recovery could not be had, if others than the plaintiff were privately concerned in the bet, that point was settled by this court in accordance with the opinion of the circuit court in the case of Cato vs. Hudson, 7 Mo. R. 142.

Judgment affirmed.