MICHAEL RYAN, Appellant, *v.* W. W. JUDY, Respondent.

April 15, 1879.

1. Courts will not interpret the terms of a wager upon a presidential election by an examination of the question as to whether the event by which the bet is to be determined is the popular vote or the vote of the electoral college.

2. Without reference to the gaming statute, there is a common-law right of action for the recovery of the stake at any time before the wager is determined; but if the demand be not made before the chances have changed and before the result may be seen, the law leaves the parties to the consequences of their acts.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

SMITH & McCANN, for appellant, cited: *Fisher* v. *Hildreth*, 117 Mass. 562 ; *Humphreys* v. *Magee*, 13 Mo. 435 ; *McKee* v. *Manice*, 11 Cush. 361 ; *Richardson* v. *Kelly*, 85 Ill. 491 ; *McDonough* v. *Webster*, 68 Me. 531.

DAVID MURPHY, for respondent, cited: *Hickerson* v. *Benson*, 8 Mo. 11 ; *Waterman* v. *Buckland*, 1 Mo. App. 45 ; *Humphreys* v. *Magee*, 13 Mo. 435 ; *Johnston* v. *Russell*, 37 Cal. 670.

BAKEWELL, J., delivered the opinion of the court.

This action was begun before a justice. The written statement filed is to the effect that on September 6, 1876, the plaintiff delivered to the defendant $100, which the defendant received for the use of the plaintiff, to be redelivered to the plaintiff on demand ; and that, though requested, the defendant refuses to repay the same.

On trial anew in the Circuit Court, it appeared from the evidence that the plaintiff made a bet with another party on the approaching presidential election. The plaintiff bet $100 that Mr. Tilden would beat Mr. Hayes ; his opponent bet the same amount that Mr. Hayes would beat Mr. Tilden, and the money was put up by the parties in the hands of the de-

fendant as stakeholder. One week after the election, the plaintiff demanded the stakes, claiming that he had won the bet. The stakeholder declined to pay without the consent of the other party to the bet, on the ground that Tilden's election was not assured. Subsequently, in December, the plaintiff demanded his stake from the defendant. The plaintiff afterwards, on several occasions, demanded his $100, and at last sued for it, on March 28, 1877.

The court instructed that on this evidence the plaintiff is not entitled to recover. The plaintiff took a nonsuit, with leave, and the cause is here on appeal.

The statute provides (Wag. Stats. 662, sects. 8, 9), that the stakeholder in any bet declared gaming by the act (and this is such a bet), shall be liable to the party putting the money in his hands, both before and after the determination of the bet, and that "delivery to the winner shall be no defence to an action by the loser, provided a demand has been made upon the stakeholder before the expiration of the time agreed upon by the parties for the determination of the bet." Any action brought under this section must be commenced within three months from the time the right of action accrued. If this action were upon the statute, it would therefore be barred. But the Supreme Court has decided (*Humphreys* v. *Magee*, 13 Mo. 435) that one may sue at common law and recover the stake at any time before the bet is determined, without reference to the act concerning gaming, and that the limitation prescribed by the act applies only to cases brought under the statute.

At common law, one who declared his dissent to an illegal wager, before the event happened, might recover his money back. After the event, it was held that he could not. *Lowry* v. *Bourdieu*, 1 and 2 Doug. 470 ; *Aubert* v. *Walsh*, 3 Taun. 277. In the last case, Lord Mansfield intimates (as, indeed, is also intimated by Buller, J., in the other case) that there can be no rescission of the illegal contract, and withdrawing of the stake, where the party seeking to withdraw has waited

until the event of the wager may be foreseen.   This is laid down as the rule by our own Supreme Court in *Hickerson* v. *Benson*, 8 Mo. 12, and that case is still law in Missouri; though the learned judge who delivered that opinion said, with truth, that the rule of in no case permitting parties to illegal wagers to have the aid of courts of justice to help them out of their difficulties, seems the most reasonable and the least objectionable.

Whether the event which was to determine the wager, according to its terms, was the popular election or the vote of the electoral college, is one of those questions which betting men might perhaps address to such authority as is recognized by them in such matters.   It is not a question to be addressed to a court of justice; nor do we sit to interpret the terms of a wager.   We cannot refuse, however, to take notice of the fact that after the popular election the value of the risk must have been greatly altered, as the facts which usually determine a presidential election then are, or at least some of them then are, or may be, known.   It may then be known what has been the vote in some doubtful district or locality, or what pretensions are put forth by the opposing parties as to the legality or illegality of the election in particular localities.   After the relative condition and chance of the parties to a bet has materially changed, the *locus pœnitentiœ* is gone; and though a demand be then made of the stakeholder, the law will leave the man making the illegal bet to the consequences of his act, and will not help him to withdraw his bet or to recover from the stakeholder.   The statute in Missouri comes to his aid, to be sure; but, to avail himself of that, he must comply with its terms, and commence suit within the time of limitation.

In Massachusetts, it is held that a stakeholder being a mere depositary for both parties, with a naked authority to deliver the money over upon the proposed contingency, upon the revocation of his authority the money remains in his hands to the use of the depositors respectively; and it is

held in that State that though, where the money has been actually paid over to the winner with the loser's consent, it cannot be afterwards recovered, because the contract is then executed and the parties *in pari delicto*, yet that so long as the contract remains executory it is revocable, and that the contract does remain executory and the illegal bet can be rescinded at any time up to actual payment by the stakeholder with the consent of the loser, and until that is done, the stake may be reclaimed and recovered by the depositor. 12 Metc. 397 ; 11 Cush. 357 ; *Fisher* v. *Hildreth*, 117 Mass. 562. As we have seen, the rule is otherwise laid down in Missouri, and the common-law right to withdraw the sum bet, before its determination, will not be enforced in this State after the value of the risk has been greatly altered and the event can be foreseen. One who seeks to recover from the stakeholder in Missouri in such a case, must proceed under the statute, and within the time which the statute prescribes.

The judgment is affirmed. All the judges concur.