W. M. WEAVER, Respondent, v. JOHN HARLAN, Appellant.

St. Louis Court of Appeals, February 23, 1892.

1.  **Pleading** : DEMURRER TO PETITION BY OBJECTION TO THE INTRODUCTION OF ANY EVIDENCE.  If the facts necessary to constitute a cause of action are imperfectly stated, the right of objection is waived by answering ; and oral demurrer to the petition by objection at the trial to the introduction of any evidence will not avail in such case.

2.  ———: IMPLIED AVERMENTS.  Facts, which are necessarily implied from the direct averments in a pleadings, will be treated as having been pleaded.

3.  **Wagers**: STATUTORY LIABILITY OF STAKEHOLDER.  A stakeholder who knowingly receives money staked upon a bet declared by statute to be gaming will be liable to the loser if he pays the stake to the winner after notice from the loser not to do so, notwithstanding that such notice was given after the determination of the bet.

*Appeal from the Greene Circuit Court.*

AFFIRMED.

*Thomas & Hackney*, for appellant.

(1) The petition does not state facts sufficient to entitle respondent to recover against the appellant as stakeholder. The petition does not state that appellant received the money sued for, knowing that it was staked on any betting declared gaming by the statutes of this state, and appellant's objection to the introduction of any evidence should have been sustained. R. S. 1889, sec. 5216; *State v. Leach*, 50 Mo. 535; *State v. Hein*, 50 Mo. 562; *Becket v. Becket*, 48 Mo. 396; *State v. Davis*, 14 R. I. 281; *United States v. Clark*, 37 Fed. Rep. 106; *Commonwealth v. Boynton*, 12 Cush. 499. (2) A party wishing to avail himself of the benefits of the statute must state facts which bring his case within the statute. *Hewitt v. Harvey*, 46 Mo. 368; *Kennayde v. Railroad*, 45 Mo. 255; *Howser v. Mitcher*, 40 Mich. 185; *Railroad v. Sturgis*, 44 Mich. 200. (3) The money sued for in this cause having been staked by respondent on a wager prohibited by law, as against public morality, the courts will not lend their aid for its recovery; and it cannot be recovered from the stakeholder, unless a demand for its return has been made of the stakeholder previous to the expiration of the time agreed upon by the parties for the determination of the bet or wager. *Ryan v. Judy*, 7 Mo. App. 74; *Hickerson v. Benson*, 8 Mo. 11; *Humphreys v. Magee*, 13 Mo. 435; *Johnston v. Russell*, 37 Cal. 670. (4) The court committed error in permitting the respondent to prove a wager made by him with William Hager, the petition having declared on a wager between respondent and Isaac Perkins. Even under our liberal system of pleading, respondent cannot be permitted to allege a bet made with Isaac Perkins, and recover on proof of a bet made with William Hager. *Sybert v. Jones*, 19 Mo. 86; *White v. Cheney*, 20 Mo. App. 389; *Field v. Railroad*, 76 Mo. 614; *Coney v. Wallace*, 22 Mo. App. 377. (5) The testimony of respondent as to conversations had with

Isaac Perkins in reference to whose money was put up on the bet, in the absence of appellant, was clearly hearsay evidence of the most glaring character ; and it requires no citation of authorities to show that such evidence is incompetent.

*E. O. Brown*, for respondent.

(1) If the petition stated a cause of action imperfectly or indefinitely, this objection will not avail. In that case other methods, such as a motion to make more certain and definite, are provided ( *Spurlock v. Railroad*, 93 Mo. 530 ), and objection could not be made by objection at the trial to the admission of any evidence. *McDermott v. Claas*, 104 Mo. 14. Such an objection, to be available at the trial, must go to the entire sufficiency of the petition to state a cause of action, and cannot avail where it states a cause of action which is indefinite or imperfect in some of its averments. If there was any defect in the petition, which we deny, it is merely in not making an affirmative allegation, but leaving a matter to inference. As to the remaining contention of defendant's counsel, that the court below erred in refusing to instruct as requested by defendant, to the effect that plaintiff could not recover unless a demand was made on defendant for a return of the money before the result of the election was known or· could have been foreseen, it is sufficient to say that defendant's entire argument on this branch of the case is based upon a misconception of the statute. R. S. 1889, secs. 5209, 5216, 5217 ; *Ryan v. Judy*, 7 Mo. App. 74 ; *Swaggard v. Hancock*, 25 Mo. App. 596 ; *Williams v. Wall*, 60 Mo. 320.

BIGGS, J.—This is an action under the statute ( R. S. 1889, sec. 5216 ) to recover from the defendant, as a stakeholder, money which was alleged to have been bet on the result of the election of the president of the United States. The amended petition reads:

"The plaintiff, for an amended petition, herein states that heretofore, to-wit, on the third day of September, 1888, in the county of Jasper, state of Missouri, said plaintiff and one Isaac Perkins made and entered into a wager or a bet on the late presidential election, then pending, which said election was duly authorized by the constitution and law of the United States and the several states thereof, the said plaintiff betting $500 that Grover Cleveland would be elected president of the United States, and the said Perkins bet the same amount that Benjamin Harrison would be elected president; that plaintiff then and there placed the sum of money so bet by him, to-wit, the sum of $500, in the hands of the defendant, as stakeholder, *to abide the result of said election;* and that afterwards, to-wit, on the ninth day of November, 1888, and while such money was still in the hands of the defendant, and not paid over by him to the other party to such wager, and before the expiration of the time agreed upon by the parties for the determination of said bet or wager, the plaintiff demanded the return of said money so placed in the defendant's hands as the holder of such stake, and the defendant refused to return the sum or any part thereof, whereby a right of action accrued to the plaintiff according to the statute of this state in such cases made and provided.

"Wherefore plaintiff demands judgment against said defendant for said sum of $500 and interest thereon from the ninth day of November, 1888, together with the cost of this action."

The answer was a general denial. The cause was submitted to the court without the intervention of a jury, and the finding and judgment were for the plaintiff. On this appeal the defendant claims: *First.* That the amended petition does not state a cause of action under the statute. *Second.* That the court admitted incompetent and irrelevant testimony. *Third.* That the court erred in the instructions.

I.   The defendant's first assignment rests on an objection to the introduction of evidence, because the amended petition failed to state a cause of action.   The specific ground of this objection, as disclosed in this court, is that the pleading failed to state that the defendant received the money, *knowing* that it was staked on a wager declared to be gaming by the statutes of the state.   One rule of pleading is that, if the facts necessary to constitute a cause of action are *imperfectly* stated in the petition, the defendant waives the objection by answering.   Objections to the introduction of evidence, or a motion in arrest on account of such defects, will avail him nothing.   *Spurlock v. Railroad*, 93 Mo. 530; *Donaldson v. Butler Co.*, 98 Mo. 163; *McDermott v. Claas*, 104 Mo. 14; *Sayer v. Devore*, 99 Mo. 437; *Mitchell v. City of Clinton*, 99 Mo. 153.   There is another rule of pleading to the effect that facts, which are necessarily implied from the direct averments in a pleading, will be deemed as having been averred.   *Dillon v. Hunt*, 82 Mo. 150; *Eans v. Bank*, 79 Mo. 182.   In the case at bar the petition did not directly aver that the defendant *knew* that the money deposited with him had been wagered on an election authorized by the constitution and laws of the state, but the petition contained averments of the particulars of the wager and upon what election the money had been wagered, and it was then stated that the money was placed in the defendant's hands as stakeholder, "*to abide the result of said election.*"   The petition seems to us to be good under the last rule.   The fact, that the defendant *knew* that the money had been bet on the result of a presidential election, must be implied from the other allegations.   If we are wrong in this, then the most that can be said is that the fact of the defendant's knowledge was *imperfectly* stated, a defect which could be taken advantage of only by direct attack.   The defendant having failed to do this, he must be deemed to have waived the objection.   Therefore, if either

rule be applied, the defendant's objection to the introduction of evidence was properly overruled.

II. The action of the court as to the instructions presents the real question in the case. The objection made to the plaintiff's instructions is that they authorized a recovery, if the plaintiff demanded a return of the money before the defendant paid it over to the other party to the bet. The defendant's view of the law is presented in the following instruction, which the court refused: "The court, sitting as a jury, declares the law to be that, if the court finds from the evidence that the plaintiff on September 3, 1888, entered into a wager in Jasper county, Missouri, on the presidential election then pending and to be held, and which was held on the sixth day of November, 1888, the plaintiff betting $500 that Grover Cleveland would, at said election, be elected president, and said Perkins betting $500 that Benjamin Harrison would, at said election, be elected president of the United States, and that said sums were, by said plaintiff and Perkins, put into the hands of the defendant as stakeholder, to abide the result of said election, then in that case the plaintiff cannot recover the sum so deposited and staked by him, unless he has shown by a preponderance or greater weight of evidence that he demanded of the stakeholder (defendant) the return of the same before the determination of said bet, and before it was reasonably apparent to plaintiff, from the returns of the published accounts of the results of said election in the several states, that plaintiff had lost his wager."

The correctness of the court's action as to the instructions must depend upon the interpretation to be given section 5216 of the statute, upon which the action is brought. It reads: "Every stakeholder who shall knowingly receive any money or property, staked upon any betting declared gaming by the foregoing provisions, shall be liable to the party who placed such money or property in his hands, both before and after

the determination of such bet, and the delivery of the
money or property to the winner shall be no defense to
any action brought by the losing party for the recovery
thereof: Provided, that no stakeholder shall be liable
afterwards, unless a demand has been made of such
stakeholder for the money or property in his possession
previous to the expiration of the time agreed upon by
the parties for the determination of the bet or wager."

If the defendant's interpretation of this section, as
indicated by his instruction, is to prevail, then the
statute is merely declaratory of the common law.
*Humphreys v. McGee*, 13 Mo. 435; *Hayden v. Little*,
35 Mo. 418. The rule of the common law is that, so
long as a party can withdraw from a wagering contract
without dishonor to himself, the law will help him to
do so. But, if he waits until the determination of the
bet, or until it is reasonably certain that he is a loser,
his penitential tears will not avail him. The law will
leave him to reap the results of his folly. This rule, in
so far as it is applicable to the parties directly con-
cerned, is highly equitable. The rule, however, has been
entirely abrogated by statute in this state. The
legislature in an early day in the history of the state
substantially enacted our present law concerning gam-
ing ( R. S. 1889, ch. 73 ), the main object of which was
to check and discourage gambling by subjecting parties
to actions for the recovery of money or property won
at any game or gambling device. The first section
( 5209 ) reads: "Any person, who shall lose any money
or property at any game or gambling device, may
recover the same by civil action." Section 5215 reads:
"Bets and wagers on an election authorized by the con-
stitution and laws of this state are gaming within the
meaning of this chapter." In *Williams v. Wall*, 60
Mo. 318, in construing the first section of the law ( sec-
tion 5209 ), Judge SHERWOOD said: "The first section
of the act in relation to gaming ( Wag. Stat. 961 ) allows
a recovery of money or property won thereby by any

person; and it is not at all restrictive in its operation as to the person or persons from whom such recovery may be had." Now in order that this section might not operate harshly against a stakeholder, section 5216 was enacted, by which a limitation was placed on a stakeholder's liability. What the limitation is, is the question. The only construction which, we think, can be placed on this section, if the spirit and policy of the statute are not lost sight of, is that a stakeholder will not be liable to an action, if he delivers over the money or other thing bet to the winner, *after the determination of the bet and before he has notice from the loser not to do so.* The matter contained in the proviso is not well expressed, but any other construction would be out of harmony with other portions of the section, and against the clearly expressed intention of the legislature in other sections of the law. If a stakeholder after the determination of the bet, and in the absence of notice from the loser, delivers the stakes to the winner, it would be unjust to hold him liable. It is to such a case, and none other, that the exception applies. *Ryan v. Judy,* 7 Mo. App. 74; *Swaggard v. Hancock,* 25 Mo. App. 596. As the plaintiff's evidence tended to prove that he demanded the return of his money before the defendant paid it to the other party, the plaintiff's instructions were properly given. For the reasons stated, the defendant's instruction was properly refused. The assignment will be ruled likewise against the defendant.

III. If there was any error in the admission of evidence, it could not possibly have prejudiced the defendant. It was entirely immaterial whether Hager or Perkins was the other party to the bet. That the wager was made, and the plaintiff's money placed in the defendant's hands, we do not understand to be controverted in this court. Therefore, what difference could it make whether the money staked by the other party belonged to Hager or Perkins? Or how could

the defendant be prejudiced by evidence tending to prove that, while Hager made the bet, he was acting for Perkins, or that Perkins afterwards took the bet off his hands?

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.