CONNOR *et al.*, *Appellants*, v. BLACK, *Appellant*.

### Division Two, January 21, 1896.

1. **Sales of Grain:** DEALING IN MARGINS: BROKERS' COMMISSION. Where the vendor of grain does not intend to deliver the property sold but simply to speculate on the rise and fall of the market price, his broker can not recover his commissions notwithstanding both he and the purchaser believed the vendor intended to make an actual delivery.

2. ———: LOST MARGINS: GAMBLING CONTRACT. Margins lost by speculating in the rise and fall of the price of grain can not be recovered by the vendor under Revised Statutes, 1889, section 5209, as they were not lost "at any game or gambling device" within the meaning of such section.

3. ———: ———: ———: LIMITATION. Even if such lost margins are recoverable under section 5209 the action or counterclaim therefor must be brought within the three months limitation period provided by section 5217.

*Appeal from Clark Circuit Court.*—HON. B. E. TURNER, Judge.

AFFIRMED.

*John D. Smoot* and *McKee & Jayne* for Black, appellant.

The court erred in refusing declaration of law number 1, offered by the appellant, for if respondent and appellant did not intend any oats was to be delivered on contract of sale, it was a gambling contract, and if money was paid thereon, by appellant, to respondent, within three months next before the beginning of this suit appellant was entitled to recover it back. *McGrew v. City Produce Exchange*, 4 S. W. Rep. 38; *Floyd v. Patterson*, 10 S. W. Rep. 526; *Irwin v. Williar*, 110 U. S. 499; *Watterman v. Buckland*, 1 Mo. App. 45; *Craw-*

*ford v. Spencer*, 92 Mo. 498; *Cockrell v. Thompson*, 85 Mo. 510; *Lyon v. Culbertson*, 83 Ill. 33; *Pickering v. Case*, 79 Ill. 328; *Rourkey v. Short*, 34 Eng. L. & E. 219; *Bigelow v. Benedict*, 70 N. Y. 202; *Story v. Solomon*, 71 N. Y. 420; *Schreiner, Flack & Co. v. Orr*, 55 Mo. App. 406; *Jones v. Shale*, 34 Mo. App. 302; *Taylor v. Penquite*, 35 Mo. App. 389; R. S., secs. 5209, 5207, 3931, 3932, 3933, 3934, 3936, 3834, 3835, 3836, 3837, 3839; Laws 1887, p. 172; Laws 1889, p. 98; Law of the Produce Exchange, secs. 189, 190, 199, 206 and 210; *Turnbull v. Watkins*, 2 Mo. App. 235; *Connor v. Black*, 119 Mo. 126.

*Given Campbell, R. D. Cramer,* and *Edward Higbee* for Connor *et al.*, appellants.

(1) The court below erred in refusing to give the fourth instruction offered by plaintiffs, and in rendering judgment against plaintiffs, on their cause of action. *Schreiner, Flack & Co. v. Orr*, 55 Mo. App. 406; *Mulford v. Caesar*, 53 Mo. App. 274; *Cockrell v. Thompson*, 85 Mo. 510; *Crawford v. Spencer*, 92 Mo. 498; *Irwin v. Williar*, 110 U. S. 499; *Roundtree v. Smith*, 108 U. S. 269. *First.* This court has the right upon the presentation of this case the second time upon the same pleadings and facts, to render such judgment as comports with the law and the facts. *City v. Foxworthy*, 41 C. L. J. 189. *Second.* This court in its opinion (119 Mo. 126) erred in its construction of section 3931, Revised Statutes Missouri, 1889. (2) The court committed no error in its rulings complained of in the first, second, third, fourth, fifth, and sixth points of the brief of appellant George Black. (3) The court committed no error in giving the second declaration of law requested by plaintiff and in refusing the first declaration of law requested by defendant George Black.

*First.* If the court should take the view that this was an illegal transaction, the law is clear that where both parties intended an illegal act in an executed transaction, neither can recover. See authorities cited under point 1 of this brief. In such case the maxim *ex turpi causa actio non oritur* applies—unless the statute covers—and the lower court did not err in holding that this counterclaim of defendant was not within the statute. Sec. 5209, R. S. 1889. See *Williamson v. Bailey*, 78 Mo. 636; *State v. Bryant*, 90 Mo. 537; *State v. Gilmore*, 98 Mo. 206; *St. Louis, etc., Association v. Delano*, 108 Mo. 221; *State v. Dinnisse*, 109 Mo. 434; *Sprague v. Rooney*, 104 Mo. 349. *Second.* Even were it within the statute, it is barred by the limitation of the statute. (4) This case was voluntarily submitted to the court (jury being waived) on the evidence presented in the bill of exceptions on the former trial. If there were any errors in the admission or exclusion of evidence on the former trial, they are waived. The evidence was received by agreement; no objections were made on the last trial.

GANTT, P. J.—This is the second appeal in this cause. The first is reported in *Connor v. Black*, 119 Mo. 126.

The case was submitted to the court without the intervention of a jury upon the evidence taken at the former trial. All objections to evidence on either side were formally waived. The plaintiffs' appeal will be first considered.

I. Among other declarations of law prayed for by the plaintiffs was the following:

"4. The court declares the law to be that if it appears from the evidence that plaintiffs, as agents for defendant, George Black, on July 17, 1890, sold in good faith for him to various persons for delivery in

the city of St. Louis during the month of September, 1890, one hundred thousand bushels of oats, and that at the time of said sales, both plaintiffs and the purchasers of said oats respectively intended an actual delivery and receipt of the grain so contracted to be sold, and that plaintiffs believed that defendant intended an actual sale and delivery of said grain under said contracts, then, though the court may find from the evidence that defendant did not intend an actual delivery, but intended to speculate in the rise and fall of the market price of said grain, yet such intention can not affect plaintiffs' rights to recover the balance that may appear to be due them, unless such intention of defendant was disclosed to plaintiffs, or they had notice thereof from the circumstances in evidence before or at the time plaintiffs contracted for the sale of said grain."

This instruction the circuit court refused, and this is the sole error of which the plaintiffs complain here. In refusing this declaration the circuit court conformed to the decision of this court on the former appeal. At the earnest request of counsel we have carefully reconsidered that opinion and find no reason for changing the views then expressed. It follows that the court did not err in refusing the fourth declaration of law as prayed by plaintiffs and the judgment on plaintiffs' appeal is affirmed.

II. As to the defendant's counterclaim for the margins advanced by him the circuit court gave a declaration that under the pleadings and evidence he was not entitled to recover the same. In so holding the court correctly ruled. Unless defendant could sue for and recover this money by virtue of section 5209 of the Revised Statutes of Missouri, 1889, the maxim, "*ex turpi causa non oritur*" would unquestionably apply. Both in his pleadings and his evidence he admitted

that it was a gambling transaction in grain on his part.

While at common law he might have declared his dissent to the wager and demanded and recovered his money before the event upon which his wager was staked had happened, having waited until he lost by the happening of the event, to wit, the rise in oats, he could not rescind the contract after the event. *Hickerson v. Benson*, 8 Mo. 8; *Humphreys v. Magee*, 13 Mo. 435; *Ryan v. Judy*, 7 Mo. App. 74.

Does he bring himself within the statute? It will be observed that the statute only permits money or property to be recovered which has been lost "at any game or gambling device." While this transaction was a wager and the law will not, in the absence of an express statute, aid either party in enforcing it, it is not a "game or gambling device" within the meaning of section 5209. The words "game" and "gambling device" by common use and interpretation had acquired a settled signification long prior to the enactment declaring transactions like this to be gambling. Thus it was held in *Hickerson v. Benson*, 8 Mo. 8, that a wager on an election was not within the meaning of this statute, though the wager was contrary to public policy and void at common law.

Until the enactment of these sections which specifically denounce these option deals as gambling they were not within the statute. When they were so declared the legislature at the same time affixed a punishment but did not provide for a recovery of the money voluntarily invested in said ventures. Accordingly we think that not only the ordinary signification of the words themselves but the legislation on the subject alike forbids an interpretation which ascribes to the words "game" or "gambling devices," the meaning attributed to them by defendant. But if we are wrong in our construction of these words, still, the declaration

was correct because defendant did not sue for the margins he had put up within three months after paying them. This is a special statute and to avail himself of it he must have commenced his action or filed his counterclaim therefor within the time therein limited.

The commencement of plaintiffs' action did not toll the bar of the statute. He was under no obligation to delay the bringing of his action merely because of the pendency of plaintiffs' action, nor would it have affected his right to plead the illegality as a defense to plaintiffs' action had he brought an independent suit. We think he lost his action, if he ever had one, by his laches in neglecting to commence it within the three months. The judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.