THOMAS CUTSHALL, Appellant, v. B. F.
McGOWAN, Respondent.

Kansas City Court of Appeals, April 6, 1903.

1. **Gaming: STAKEHOLDER: PLEADING: LIMITATION.** One
suing a stakeholder under the statute must bring himself strictly
within its terms, and a petition showing the action was not com-
menced within three months is not good under the statute.

2. ——: ——: ——: **COMMON LAW.** A petition seeking to
recover of a stakeholder the amount of his bet is held to state a
cause of action, since the plaintiff's dissent was made known
before the event happened; and the evidence shows that plaintiff
signified his dissent to the stakeholder before the race was ended,
but his own testimony plainly discloses that he did not signify
such dissent until he realized that his horse was beaten, and
therefore he can not recover.

Appeal from Harrison Circuit Court.—*Hon. P. C.
Stepp,* Judge.

AFFIRMED.

*Peery & Lyons* for appellant.

Filed argument on merits.

*J. C. Wilson* for respondent.

(1) To avail a party of the benefits of our
statute against gaming, suit must be brought within
three months. Sec. 3431, R. S. 1899; Ryan v. Judy, 7
Mo. App. 74; Connor v. Black, 132 Mo. 150-4. (2) It
is not necessary that the limitation be pleaded, in order
that it may be relied upon as a defense. 19 Am. and
Eng. Ency. of Law (2 Ed.), 150; Morgan v. Railroad,
51 Mo. App. 323-5; Sparks v. Railroad, 31 Mo. App.
111-14; In the Harrisburg, 119 U. S. 199. (3) To re-

cover against a stakeholder in Missouri, at common law, the demand for the return of the wager must have been made before the event of the wager was determined, or the risk of loss greatly altered.  Hickerson v. Benson, 8 Mo. 11; Ryan v. Judy, 7 Mo. App. 74; Harlan v. Weaver, 48 Mo. App. 319; Connor v. Blac, 132 Mo. 150-4; Cofer v. Riseling, 153 Mo. 633.   (4) It is the duty of counsel to ask instructions embodying their theory of the law applicable to the case, and if they fail to do so they can not complain.  Browning v. Railroad, 124 Mo. 71; Drey v. Doyle, 99 Mo. 459; Feary v. O'Neil, 149 Mo. 477; State ex rel. v. Hasas, 6 Mo. App. 485-6.

SMITH, P. J.—This action was commenced on April 3, 1901.  The petition alleges *inter alia* that on November 23, 1900, the plaintiff made a bet with one Kendle on a horse race to be run, and at the time of making the bet plaintiff and said Kendle each deposited with the defendant $295, and that by the terms of the bet if plaintiff's horse won, then the entire amount so bet was to be paid to plaintiff; if Kendle's horse won, then the said entire amount was to be paid to him; that defendant received and held said stake, knowing the terms and conditions of said wager as aforesaid; that by the terms of said wager said money was not to be delivered to the winner thereof until said horse race was finished, and until the judges appointed for that purpose had given their decision as to which one of said horses had won said race, of all which the said defendant was fully advised; that after the commencement of said race, and before the same was completed, this plaintiff learned that the said horse race had been gotten up as a fraudulent scheme for the purpose of defrauding this plaintiff of his money and property, and that said Kendle and the defendant McGowan and others had arranged said horse race in a fraudulent manner so that plaintiff's horse would be certain to be beaten, and so that plaintiff should be defrauded out of his money and

property wagered on said race; that thereupon and before said race was terminated, and before said judges had announced their decision thereon and previous to the expiration of the time agreed upon for the determination of said bet or wager, this plaintiff demanded of the defendant the said sum of $295 so deposited with said defendant as such stakeholder, and directed said defendant not to pay the same over to said Kendle or to any other person; but that said defendant refused to pay said money over to plaintiff, etc.

The first question suggesting itself is whether or not the petition states a cause of action under the statute —chapter 32, Revised Statutes 1899. Section 3424 of said chapter provides that any person who shall lose any money or property at any game or gambling device may recover the same by civil action; and under it, it has been held that a horse race is a game. Swaggard v. Hancock, 25 Mo. App. 596; Shropshire v. Glascock, 4 Mo. 536; Boynton v. Curle, 4 Mo. 600; Hayden v. Little, 35 Mo. 420. Section 3431 of said chapter further provides that every stakeholder who shall knowingly receive any money or property staked upon any betting declared gaming by the foregoing provisions, shall be liable to the party who placed such money or property in his hands both before and after the determination of such bet, and the delivery of the money or property to the winner shall be no defense to any action brought by the losing party for the recovery thereof; provided, that no stakeholder shall be liable afterwards unless a demand has been made of such stakeholder for the money or property in his possession previous to the expiration of the time agreed upon by the parties for the determination of the bet or wager. This section so limits the liability of the stakeholder that no action can be maintained against him if he delivers over the stakes to the winner after the determination of the bet and before he has notice from the loser not to do so. Williams v. Wall, 60 Mo. 318. Section 3432 of the said chapter

further provides that any action for money or property brought under that chapter shall be commenced within three months from the time the right of action accrued, and not afterwards.

In analogous statutory actions it has been held that the party suing must bring himself strictly within the statutory requirements necessary to confer the right, and this must appear from the petition, otherwise it shows no cause of action. Barker v. Railway, 91 Mo. l. c. 94; McNamara v. Slavens, 76 Mo. 329; Dulaney v. Railway, 21 Mo. App. 597; Sparks v. Railway, 31 Mo. App. 114.

And so it has been ruled that where an action is based upon said section 3431, it must be commenced within three months from the time the right of action accrues, otherwise it can not be maintained. Ryan v. Judy, 7 Mo. App. 74, cited in Connor v. Black, 132 Mo. l. c. 150. It has been seen from the statement made at the outset that this action was not commenced until after the lapse of more than three months from the date the cause of action accrued, and, therefore, the petition states no cause of action under the statute; and unless a cause of action is stated at common law which will authorize a recovery, there is no cause of action whatever stated.

In Humphreys v. Magee, 13 Mo. 435, it was held that one may sue at common law and recover a stake at any time before the bet is determined *and without reference to the statute concerning gaming* (chap. 73, R. S. 1889) and that the limitations prescribed by that chapter applies only to cases brought under it. Ryan v. Judy, ante. At common law one who declared his dissent to an illegal wager before the event happened might recover his money back, but after the happening of that event he could not. Lowry v. Bourdieu, 1 and 2 Doug. 470; Aubert v. Walsh, 3 Taun. 277. In the last cited case Lord MANSFIELD intimates that there can be

no rescission of the illegal contract and withdrawing of the stake, where the party seeking to withdraw has waited until the event of the wager may be foreseen. In Hickerson v. Benson, 8 Mo. l. c. 10, it was said that it is settled law in such cases for the courts to leave the parties where they find them, on the maxim, *potior est conditio defendentis*. If, however, either party will rescind the contract *before the event is known* on which the wager depended, the courts will interfere, on the ground that the parties are not then *in pari delicto;* the risk has not yet been determined and the parties have a *locus penitentiae*. Aubat v. Walsh, 3 Taun. 283. In Ryan v. Judy, ante, it is said: "After the relative condition and chance of the parties to a *bet has materially changed,* the *locus penitentiae is gone; and though a demand be then made of the stakeholder, the law will leave the man making the illegal bet to the consequences of his act, and will not help him to withdraw his bet or to recover from the stakeholder.* The statute in Missouri comes to his aid, to be sure; but, to avail himself of that, he must comply with its terms, and commence suit within the time of limitation." And a similar statement of the rule is made in Connor v. Black, ante, and Weaver v. Harlan, 48 Mo. App. 319.

And as the petition alleges that the plaintiff before the race was ended or the judges had announced their decision thereon or the expiration of the time agreed upon for the determination of the bet, the plaintiff declared his dissent, and demanded of the defendant stakeholder the return of the stake deposited by him, we must conclude that a cause of action good at common law is therein alleged. There is abundant evidence in the record which tends to prove that the plaintiff signified to the defendant his dissent to the bet before the result of the race had been announced by the judges, and perhaps before the race had quite ended, but his own testimony plainly discloses that at the time he signified his dissent to the bet the race had so far pro-

ceeded that he "realized" that his mare was beaten, or, as one of his witnesses testified, he (plaintiff) "knew at the time his mare was beat." It results from this that the plaintiff at the time he signified his dissent was reasonably certain that he was loser and, therefore, there could then be no *locus penitentiae*—or, in other words, the dissent then made was inopportune and unseasonable. White v. Gilleland, 93 Mo. App. l. c. 314; Hickerson v. Benson, ante. After looking at the evidence in its entirety we can not escape the conviction that it was insufficient to justify a submission of the case to the jury, but as the verdict was for the defendant no harm resulted on that account.

As we are satisfied that the plaintiff, even on his own showing, was not entitled to recover, the several rulings of the court adverse to him in respect to the admission of evidence, or in the giving of instructions, or in respect to the motion to set aside the verdict, were not prejudicial to him on the merits, so that such rulings need not be reviewed by us.

It follows that the judgment must be affirmed. All concur.