SEE, Appellant, v. RUNZI, et al., Respondents.

St. Louis Court of Appeals, March 1, 1904.

1. GAMBLING: Option Dealing. Losing money in option deals, where money is deposited or paid for margins, is not losing money at a game or gambling device, so as to authorize a recovery of the amount lost, under section 3424, Revised Statutes of 1899; the statutes, (sections 2221 to 2225 and 2337 to 2342), which declare such dealing to be gambling, affix a different punishment.

2. ————: Stakes Lost. The loser of a bet, in the absence of statutory enactment authorizing it, can not recover a stake which he has voluntarily paid the winner.

Appeal from Montgomery Circuit Court.—*Hon. E. M. Hughes,* Judge.

AFFIRMED.

*Claude R. Ball* for appellant.

(1) The plaintiff's petition states a cause of action against defendants, and the demurrer should have been overruled. Revised Statutes 1899, secs. 2337, 2338, 2339, 2341 and 2342; Revised Statutes 1899, secs. 2221, 2222, 2223, 2224 and 2225. (2) Under section 2337, R. S. 1899, option dealing or dealing in futures is declared to be gambling. (3) Section 2224, R. S. 1899,

declares that all purchases and sales, contracts and agreements for the purchase and sale of any of the property mentioned in and in violation of sections 2222 and 2223 are gambling and criminal acts, etc. (4) Plaintiff's petition plainly charges that defendants were engaged in running, conducting and operating a certain game or gambling device, commonly called a bucket-shop or dealers in options or futures, by means of which he lost his money, which by law is declared to be gambling. Connor v. Black, 119 Mo. 139; s. c., 132 Mo. 154. (5) When a statute plainly declares certain things and acts to be gambling, then in reason if such things and acts are gambling, they must under our statute be construed to mean a "game or gambling device." Hence, this action comes within the meaning of section 3424, and the money lost by plaintiff and won by defendants can be recovered under said section. Cato v. Huston, 7 Mo. 143; 14 Am. and Eng. Ency. of Law (2 Ed.), p. 640, note 1. Same authority, p. 624, note 1. (6) Dealing in options or futures is held by this court and our Supreme Court to be a wager. Williams v. Wall, 60 Mo. 318; Waterman v. Buckland, 1 Mo. App. 45; Kent v. Miltenberger, 13 Mo. App. 508; McLean v. Stuve, 15 Mo. App. 319; Buckingham v. Fitch, 18 Mo. App. 99; Johnson v. Kanne, 21 Mo. App. 25; Wright v. Fonda, 44 Mo. App. 645; Hill v. Johnson, 38 Mo. App. 383; Doxey v. Spaides, 8 Ill. App. 549; Commercial Bank v. Spaides, 8 Ill. App. 493.

REYBURN, J.—The amended petition of plaintiff in this action was adjudged defective upon demurrer thereto. The complaint charged that defendants were conducting a game or gambling device, commonly called a bucket shop, or were dealers in options or futures in Montgomery county, as well as the city of St. Louis whereby means of such game or gambling

device, defendants made such purchases and sales, and pretended contracts for purchase and sale of shares of stocks and bonds of corporations and of provisions, cotton, grain and agricultural products, or feigned to buy and sell on margins, without any intention of receiving or delivering the property so bought or sold by them. Continuing, the petition recited that plaintiff, during the months of February and March, 1903, by means of such game or gambling device, dealt in options and futures with defendants, and bought from defendants on margins a large number of shares of stock of various corporations and several thousand bushels of grain; that at no time did he intend to receive any stock or grain bought or sold by him and none was received from defendants. That all transactions he made with the defendants, for stocks of various corporations and for wheat, oats and corn, were upon such game or gambling device, and upon margins without any intention to receive or deliver any of the property so bought or sold by either plaintiff or defendants. Concluding, the petition contained assertions that, within three months prior to the action, defendants had won from plaintiff by means of such game or gambling device, a sum named, being the difference between the amount paid by him to them and received by him from them, for which judgment was asked.

The demurrer assigned that the facts contained in plaintiff's petition did not constitute a cause of action, as dealing or gambling in options where money was deposited or paid for margins and lost, did not evidence a game under the statutes to permit recovery of the money lost, and the petition did not state facts showing a mere deposit for wagering purposes, where the depositor sues for the deposit before the wager is executed, but merely payments by way of margin which were actually lost or consumed in the fluctuations of the

market.   Under the common law of England, gambling contracts, excepting special classes of wagering contracts, were valid and actionable at law.   14 American & English Encyclopedia of Law (2 Ed.), p. 587, and authorities cited.   Such appears to have been the early law in this State (Waddle v. Loper, 1 Mo. p. 458 or 636); but in Missouri, as in England, gambling was soon recognized as an evil and vice, and statutes adopted to repress it, and the law now prohibits all gambling contracts, whether undisguised, or masked under the form of legitimate business.   The State criminal code interdicts the class of unlawful transactions described in the petition herein, and imposes penalties of fine and imprisonment, varying in degree and severity; especially declaring such fictitious sales and purchases, gambling and criminal acts, and rendering all parties thereto *particeps criminis*.   R. S. 1899, secs. 2221 to 2225, inclusive; sec. 2337 to 2342, inclusive. Sestion 3424 of the statutes, provides that any person who shall lose any money or property at any game or gambling device, may recover it by civil action.   The application of this section to the class of transactions set forth in the petition was attempted and denied in the case of Connor v. Black, 132 Mo. 150.   The provisions therein considered and construed, then designated as number 5209 of the revision of 1889, remain without amendment, undisturbed in the revision of 1899, as above cited, and the same remark is equally true of the criminal sections above enumerated.   In the course of this decision, the court observed: ''Until the enactment of these sections, which specially denounce these option dealings as gambling, they were not within the statute. When they were so declared, the legislature at the same time affixed a punishment, but it did not provide for a recovery of the money voluntarily invested in said ventures.  Accordingly, we think that not only the ordinary signification of the words themselves, but the

legislation on the subject, alike forbids an interpretation which ascribes to the words 'game' or 'gambling devices' the meaning attributed to them by the defendant." In general, the rule of law is that the loser voluntarily paying to the winner the stake lost, can not recover it, in absence of express special statutory enactments, conferring such right of action. Am. & Eng. Ency. Law, supra, p. 623, and authorities cited.

The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.