L. R. COX, Plaintiff-Respondent,

v.

Viverette LEE, Defendant-Appellant.

No. 9881.

Missouri Court of Appeals,
Springfield District.

Nov. 17, 1975.

Weber Gilmore, Gilmore & Gilmore, Sikeston, for plaintiff-respondent.

L. D. Joslyn, Jeffrey C. Vaughan, Joslyn, Joslyn & Vaughan, Charleston, for defendant-appellant.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

TITUS, Judge.

Defendant bet plaintiff and Delmar Alcorn $3,000 he was not the penman of a

certain notebook entry. Plaintiff and Alcorn each put up $1,500 in checks. Ten months after defendant cashed plaintiff's checks, plaintiff sued to recover his money and the jury obliged him with a $1,500 verdict. Following denial of defendant's after-trial motions, he appealed from the order of the court overruling those motions. This was error. The appeal should have been taken from the judgment entered on the verdict (Rule 81.04; §§ 512.020 and 512.050),[1] and not from the order overruling the post-trial motions which is not an appealable order. However, as we attribute to defendant a good faith try at appealing from the judgment, his notice of appeal will be so treated. *World Franchisers, Inc. v. Birk*, 456 S.W.2d 606, 607[1, 2] (Mo.App. 1970).

In substance, plaintiff's petition alleged he was entitled to the return of his bet because the wager had been called off before it was determined, and his verdict directing instruction charged the jury, inter alia, to find for plaintiff if "before the event [on which the wager was to be decided], the plaintiff and defendant called off the bet, and defendant kept plaintiff's money." Defendant filed a motion to dismiss the petition because, among other things, the action was barred by the 3-month statute of limitations set forth in § 434.090. The trial court stated the motion would be ruled at the close of the evidence, but this was not done. Nevertheless, the fact the court submitted the case to the jury and overruled defendant's after-trial motions would indicate it did not favor the motion to dismiss. Defendant's instruction given to the jury was that plaintiff could not recover unless it believed "plaintiff and defendant communicated to each other and agreed to call off the bet before checks were paid to defendant." We have not been asked to determine the correctness vel non of the instructions.

Statutes pertinent hereto are: Sec. 434.-030—"Any person who shall lose any money or property at any game, gambling device or by any bet or wager whatever, may recover the same by a civil action." Sec. 434.090—"Any action for money or property brought under this chapter shall be commenced within three months from the time the right of action accrued, and not afterward."

The petition stated a cause of action under the common law and the instructions, supra, attest the cause was submitted to the jury on the theory pleaded. Without reference to statutes concerning gaming, ante, one may sue at common law and recover his stake in a bet, provided he repudiates the bet before the happening of the event on which the wager was to be decided and gives timely and proper notice thereof to and makes demand on the other gamester or stakeholder. However, once the bet has been determined, the law will not aid a gamester in recovering his money without resorting to the procedures provided by statute. *Connor v. Black*, 132 Mo. 150, 154, 33 S.W. 783, 784 (1896); *Adams Express Co. v. Reno*, 48 Mo. 264, 268 (1871); *Humphreys v. Magee*, 13 Mo. 435, 436 (1850); *Dooley v. Jackson*, 104 Mo.App. 21, 33–34[2], 78 S.W. 330, 334[2] (1904); *Cutshall v. McGowan*, 98 Mo.App. 702, 705, 73 S.W. 933, 934–935 (1903); *Ryan v. Judy*, 7 Mo.App. 74, 75 (1879); 38 C.J.S. Gaming §§ 31 and 36, at pp. 100 and 102; 38 Am.Jur.2d, Gambling, § 212; pp. 259–260. The same general rules apply to executory and performed contracts which are found to be illegal and immoral. *Idel v. Hamilton-Brown Shoe Co.*, 343 Mo. 373, 382, 121 S.W.2d 817, 821[3, 4] (1938); *Lebcowitz v. Simms*, 300 S.W.2d 827, 830 (Mo.App.1957); *Boyer v. Garner*, 15 S.W.2d 893, 894 (Mo.App.1929); *Burgess v. Manchester Inv. Co.*, 186 S.W. 1144, 1145[1, 2] (Mo.App.1916).

If this had been an action brought under § 434.030 to recover money lost on a bet *after* the happening of the event on

1. References to rules and statutes are to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R., and to RSMo 1969, V.A. M.S.

which the wager was to be decided and the bet had been determined more than three months before the action was commenced, it would have been barred by the statute of limitations specified in § 434.090. But that is not the situation presented. In this case, the action was not brought under the statute. Rather, it was predicated on the common law right to sue for and recover money placed on a bet that allegedly had been repudiated before the wager was determined. The trial court left it to the jury to say whether plaintiff withdrew from the wager before the bet was determined, and the verdict must be considered as a finding of fact that the event on which the wager was to be decided had not occurred prior to plaintiff's repudiation thereof. *Humphreys v. Magee, supra.*

What has been said disposes of defendant's first point that the court erred in not sustaining defendant's motion to dismiss because the action was barred by the statute of limitations. Defendant's second and final point that the "verdict was contrary to all the evidence since under the pleadings, testimony and instructions, there never was any communication and agreement between [defendant] and [plaintiff] that the bet had been offed," saves nothing for appellate review. While we do not understand that all parties to a wager must mutually agree to call off the bet before one of them can repudiate the bet ere it is determined and recoup his money, defendant's second point stands naked of any citation of authority as required by Rule 84.-04(d) and, therefore, is considered abandoned. *Adams v. White*, 488 S.W.2d 289, 294[12] (Mo.App.1972).

The judgment is affirmed.

All concur.